[In admiralty. Libel in rem by Emanuel Giro and others against the cargo of the brig Alexander Wise on a bottomry and respondentia bond.]

This was an action upon a bottomry bond. The British brig Alexander Wise, while on a voyage from Marseilles to New York, ran upon a reef and was injured so as to make it necessary for her to go to Gibraltar, discharge her cargo and obtain repairs and supplies. Her master, James Pill, ordered the repairs and supplies, and to secure the moneys advanced to pay the bills, amounting to £1,198, he executed a bottomry and respondentia bond, by which that sum, with 21 per cent. maritime interest, was declared to be secured "upon the said vessel, her hull, tackle, apparel, furniture, freight and appurtenances, and upon the cargo now laden on board." It declared that the obligees had consented to advance the money on such security, "and on the risk of the said voyage to New York, and it provided that if the said vessel "do and shall proceed with all convenient dispatch from the port of Gibraltar to New York aforesaid, (the damages and accidents of the seas and of navigation excepted,) and if the said James Pill, his heirs, executors and administrators, within two days next after the arrival of the said vessel at New York aforesaid, do and shall, well and truly, pay, or cause to be paid," the said sum, &c., and interest; "or if, in the course of the voyage aforesaid, the utter loss of the aforesaid brig shall unavoidably happen," then the bond was to be void, otherwise of force.

The vessel sailed from Gibraltar on the voyage, but was lost by perils of the sea, having been wrecked near Wilmington, N. C. A part of the cargo was taken out of her by salvors, and was brought to this port, subject to salvage claims exceeding the amount due on the bond. After the cargo was taken out, the vessel took fire and finally went to pieces, and was wholly lost by perils of the sea, although some pieces of the hull, a few sails, a small portion of the rigging, a boat and three kedge anchors were saved and were sold near where she was wrecked. This libel was filed against the cargo alone, which was claimed by the original consigners and also by the salvors.

Mr. Owen, for libelants.
Mr. Hand, for claimants.

HELD BY THE COURT (HALL, District Judge): That the salvage claims are paramount to that of the bondholders, because the salvage service was rendered after the bondholders' lien attached. That there is nothing in the evidence to justify the court in reforming the contract between the parties. There was no fraud or mistake affecting its terms or its execution, and the court must determine the rights of the parties upon the bond as executed. That the provisions of the bond are clear and unequivocal. The money secured is declared to be advanced on the risk of the voyage to New York, and it is made payable only after the arrival of the vessel in that port, and it is further declared that if an utter loss of the vessel during the voyage shall unavoidably happen, the bond shall be void. That as long as the vessel or other subject of the hypothecation remains in specie and has not been wholly lost by capture or otherwise, the borrower on bottomry or respondentia is not discharged. But the fact that the vessel and cargo were both hypothecated by the master in this instrument does not authorize any strained construction of the language of the bond for the benefit of the lenders. That the bond is void by its own terms. The day of payment has not arrived and can never arrive. The vessel has been totally lost and the borrower is discharged. Decree dismissing libel with costs.

---

GIST (TABB v.). See Case No. 13,719.

In re GITCHELL. See Case No. 5,371.

GITMA (UNITED STATES v.). See Case No. 15,209.

GITTINGS (BIRCH v.). See Case No. 1,426.

---

## Case No. 5,464.

### GITTINGS v. BURCH.

[2 Cranch, C. C. 97.] [1]

Circuit Court, District of Columbia. Dec. Term, 1813.

#### APPEAL—NEW EVIDENCE.

New evidence cannot be heard upon an appeal from the orphans' court.

THE COURT (nem. con.) was of opinion that upon an appeal from the orphans' court, new evidence could not be heard.

---

## Case No. 5,465.

### GITTINGS v. CRAWFORD.

[Taney, 1.] [2]

Circuit Court, D. Maryland. April Term, 1838.

JURISDICTION OF DISTRICT COURT—SUITS AGAINST CONSULS AND VICE-CONSULS—IMMUNITIES—LAWS OF NATIONS.

1. In the second section of the 3d article of the constitution of the United States, it is declared that "in all cases affecting ambassadors, other public ministers, and consuls, and those in which a state shall be a party, the supreme court shall have original jurisdiction:" held, that this does not conflict with and render unconstitutional the act of congress passed 24th September, 1789, § 9 [1 Stat. 76], giving jurisdiction to the district court of the United States, in civil cases, against consuls and vice-consuls.

[Cited in State of Texas v. Lewis, 14 Fed. 67. Quoted in Bors v. Preston, 4 Sup. Ct. 410, 111 U. S. 258.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]